UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.:

KATHRYN BENNETT,

    Plaintiff,

v.

STANDARD INSURANCE
COMPANY,

    Defendant.
_____/

**COMPLAINT FOR DISABILITY BENEFITS
AND LIFE INSURANCE PREMIUM WAIVER BENEFITS**

    Plaintiff, Kathryn Bennett, files her Complaint against Defendant, Standard Insurance Company, and says:

**I.    JURISDICTION AND VENUE**

    1.    Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

**II.    PARTIES**

    2.    Plaintiff, Kathryn Bennett ("Ms. Bennett"), is a citizen of the United States and was at all times relevant a participant of the long-term disability insurance policy at issue (the "LTD Policy"). Defendant, Standard Insurance Company ("Standard"), is the insurer and claims administrator of the long-term disability ("LTD") policy and life insurance policy, is a foreign corporation authorized to do business in Florida and can be found in the Southern District of Florida.

### III.  FACTS

3. At all times material to this action there was in full force and effect a group LTD Policy and life insurance policy constituting binding contracts of insurance between the parties. These policies were underwritten and administered by Standard.

4. At all times material, Standard operated under an inherent structural conflict of interest because of Standard's dual role as administrator of claims while serving as the insurance company paying benefits out of its own assets.

5. Ms. Bennett was employed with Clifton Larson Allen LLP ("CLA") as a managing partner, an equity holder, certified public accountant ("CPA"), and a chartered global management accountant ("CGMA").

6. By virtue of her employment at CLA, Ms. Bennett was an eligible participant of the LTD and life insurance policies.

7. The purpose of the LTD Policy was to provide Ms. Bennett a monthly benefit in the event that she became disabled.

8. The life insurance policy included a waiver of premiums provision that allowed for continued employee life insurance without payment of premiums while she was disabled ("waiver of life insurance premium benefits").

9. The LTD Policy defined Disability, in pertinent part, as follows:

> *You are Disabled if you meet one of the following definitions during the period it applies:*
>
> *A. Own Occupation Definition Of Disability;*
> *B. Any Occupation Definition Of Disability; or*
> *C. Partial Disability Definition.*
>
> *A. Own Occupation Definition Of Disability*
>
> *During the Benefit Waiting Period and the Own Occupation Period you are required to be Disabled only from **your Own Occupation**. You are Disabled from your Own Occupation if, as a result of Physical Disease, Injury,*

> *Pregnancy or Mental Disorder**, you are unable to perform with reasonable continuity the Material Duties of your Own Occupation***. (Emphasis added.)*

10. Ms. Bennett suffers from amnesia and worsening cognitive impairment, including chronic memory and focus issues.

11. Ms. Bennett was forced to discontinue working on December 31, 2021, due to her disabling condition.

12. Ms. Bennett is unable to perform with reasonable continuity the Material Duties of her Own Occupation or any occupation. She is disabled under the terms of the LTD Policy.

13. Ms. Bennet is also disabled under the terms of the life insurance policy.

14. By letter dated April 20, 2022, Ms. Bennett submitted her LTD and waiver of life premium ("WOLP") claims pursuant to the terms of the LTD and life insurance policies.

15. Among the evidence submitted with the claims were:

    - the results of a neuropsychological testing indicating cognitive impairment,
    - and eight forms completed by her treating team reporting that Ms. Bennett is disabled from her occupation indefinitely.

16. By letter dated May 5, 2022, Standard confirmed receipt of her claim.

17. By letters dated May 4, and May 11, 2022, Ms. Bennett submitted additional evidence in support of her physical disability, including a declaration detailing how her disability affected her professional and personal life.

18. By letter dated June 3, 2022, Ms. Bennett notified Standard that her claim for disability benefits through her individual disability insurance policy with Northwestern Mutual had been approved.

19. By letter dated June 7, 2022, Ms. Bennett asked Standard for an update regarding when her LTD benefits would be approved.

20. By letter dated June 17, 2022, Standard stated it had received the information necessary for initiating review of Ms. Bennett's claim, but that additional documents may be requested during their review.

21. By letter dated June 23, 2022, Standard notified Ms. Bennett that her application for LTD benefits was pending.

22. By letter dated July 11, 2022, Standard notified Ms. Bennett that her LTD claim was still under review.

23. By letter dated July 11, 2022, Ms. Bennett notified Standard that its decision on her LTD claim was past the 45-day benefit determination deadline set by ERISA, which fell on Saturday, June 4, 2022.

24. Standard also failed to notify Ms. Bennet that any special circumstances beyond its control existed or that it required an extension of time on the LTD ERISA deadline.

25. By letter dated July 13, 2022, Standard told Ms. Bennett that her WOLP claim was still under review.

26. Despite Ms. Bennett notifying Standard that was in violation of ERISA by not making a timely benefit determination, Standard failed to provide a decision on her LTD and WOLP claims.

27. Standard also failed to notify Ms. Bennet that any special circumstances beyond its control existed or that it required an extension of time on the WOLP ERISA deadline.

28. Standard has failed and has refused to render an LTD benefit decision and WOLP decision in the time period allowed under ERISA.

29. Ms. Bennett is deemed to have exhausted her remedies with respect to her LTD claim and WOLP claim because of Standard's failure to render a timely decision.

30. Standard's failure to render a timely decision breached the fiduciary duties owed to Ms. Bennett under ERISA. Standard further failed to discharge its duties in respect to discretionary claims processing solely in the interests of Ms. Bennett's as a participant of LTD and life insurance policies.

### IV. COUNT I: LONG-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 7, 9 through 12, 14 through 24, 26, and 28 through 30, as if fully stated herein and says further that:

31. Plaintiff is entitled to certain benefits of the policy consisting of past LTD benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. § 1132(a)(1)(B).

32. Plaintiff is entitled to the benefits identified herein because:

    a. the benefits are permitted benefits under the LTD policy;

    b. Plaintiff has satisfied all conditions to be eligible to receive the LTD benefits;

    c. Plaintiff has not waived or otherwise relinquished her entitlements to the benefits.

33. Standard has refused to pay the benefits sought by Ms. Bennett, ignoring the medical records and clear opinions of her physicians.

### V. COUNT II: WAIVER OF LIFE INSURANCE PREMIUM BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 6, 8, 10, 11, 13 through 20, 17, 25 through 27, and 29 through 30 as if fully stated herein and says further that:

34. Pursuant to 29 U.S.C. §1132(a)(1)(B) Ms. Bennett is entitled to certain benefits of the policy consisting of WOLP benefits.

35. Ms. Bennett is entitled to the WOLP benefits identified herein because:

    a. the WOLP benefits are permitted benefits under the life insurance policy;

  b. She has satisfied all conditions to be eligible to receive the WOLP benefits;

  c. She has not waived or otherwise relinquished her entitlements to the WOLP benefits.

36. Standard has refused to approve WOLP benefits sought by Ms. Bennett, disregarding the medical records and clear opinions of her attending physicians evidencing disability.

## VI. RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 36 as if fully stated herein and says further that:

37. As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Plaintiff unpaid LTD benefits, plus interest and the instatement of waiver of life insurance premium benefits.

38. To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, under 29 U.S.C. § 1132(g)(1) Plaintiff is entitled to reasonable attorney's fees and costs of this action.

39. Defendant is also liable to place Plaintiff in the position she would have enjoyed under the LTD and life insurance policies had her benefits not been wrongfully denied by Defendant.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Kathryn Bennett, prays for a judgment against Defendant, Standard Insurance Company, for the relief as pleaded herein and for such other relief as this Honorable Court deems just and proper.

*Respectfully submitted this 26th day of July, 2022.*

/s/ Zoe Vayer
Zoe Vayer (FBN. 1030850)
zoe@longtermdisability.net
Edward Philip Dabdoub (FBN. 45685)
eddie@longtermdisability.net
DABDOUB LAW FIRM, P.A.
1600 Ponce de Leon Blvd., Suite 1202
Coral Gables, Florida 33134
Tel: (305) 754-2000
Fax: (305) 754-2007
*Counsel for Plaintiff, Kathryn Bennett*